IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARLOS CAREY, #245045, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-206-MHT |
| | ) | [WO] |
| | ) | |
| SGT. RICHARDSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Carlos Carey ("Carey"), an indigent state inmate and frequent litigant in this court.  In the complaint, Carey contends that the defendants have failed to protect him from past and potential actions of another inmate and subjected him to an unconstitutional disciplinary action.  *Complaint - Doc. No. 1* at 2-3. Carey also alleges that Sgt. Richardson has made unwanted sexual advances towards him.  *Id*. at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits and other documents, addressing the allegations set forth in complaint.  The report and evidentiary materials refute the self-serving, purely conclusory allegations presented by Carey in the complaint.  Specifically, these documents demonstrate that no violation of Carey's constitutional rights occurred.

In light of the foregoing, the court issued an order directing Carey to file a response

to the defendants' written report.  *Order of May 18, 2015 - Doc. No. 17*.  The order advised Carey that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action.  *Id*.  The time allotted Carey for filing a response in compliance with the directives of this order expired on June 3, 2015.  As of the present date, Carey has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action at this time.  Carey is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions would be ineffectual.  Additionally, Carey's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendants indicate that the actions about which Carey complains did not violate the Constitution.  It therefore appears that any additional effort by this court to secure Carey's compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where

a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE